At August Term, 1836, of Chowan County Court, Nathl. *Page 171 
J. Beasley became the guardian of his daughter, Martha Elizabeth, who was a minor, and the defendant, and James Norcom, the plaintiff's intestate, became his sureties by executing a guardian bond jointly with him. Martha E. Beasly was entitled, at the time this guardianship was conferred, to the sum of one thousand dollars arising from the sale of her mother's land, her mother being dead, and she being the only child, and the said N.E. Beasly was entitled, as tenant by the curtesy, to the interest on that sum during his life, that is, to sixty dollars per annum. The said Beasly received the said sum of one thousand dollars, due his ward. A few years after entering into the guardianship, Beasley became embarrassed in his business, and his sureties above mentioned, being apprehensive of loss on account of their suretyship, induced him to surrender the guardianship of his daughter, and the defendant, Cheshire, was appointed in his stead, who entered into bond with plaintiff's intestate and another as his sureties.
At the instance of the defendant, a suit was brought in behalf of M. E. Beasley, on the guardian bond, against himself, the said Cheshire, and the plaintiff's intestate; a judgment was rendered against them and a recovery had for the said sum of $1000, with costs, of which intestate paid, under execution, five hundred dollars and the costs of the suit, after which no execution issued on the judgment.
Beasley died in 1851; the defendant administered on his estate. He was utterly insolvent, and had been so from shortly after surrendering the guardianship as above stated, and never repaid plaintiff any part of the amount paid for him.
The plaintiff insists that he is entitled to one half of the interest arising from the said sum of one thousand dollars during the life of N.E. Beasley, together with interest thereon, since the same came to the hands of the defendant, Cheshire.
The prayer is for an account, c.
The defendant answered, admitting the above facts, but contending that he was entitled to hold the full benefit of the accumulations of interest due his testator. He alleges further in his answer, that his intestate, N.E. Beasley, was largely *Page 172 
indebted to him on a judgment obtained against him in his life-time, for which he was entitled to retain from assets in his hands, and that this sum would more than cover the amount in his hands, arising from the source designated.
There was replication to the answer, commissions, proofs, and exhibits filed.
The cause was set down for hearing, and sent to this Court.
The allegation of the defendant that he holds a judgment against his intestate, besides that upon the guardian bond, is not supported by proofs, and must be put out of the case.
We have, then, this question: A principal becomes insolvent, and his sureties are forced to pay the debt; one of them afterwards gets into his hands a fund belonging to the principal, and, upon his death, by taking out letters of administration, acquires the right to retain the fund, can he claim the whole benefit, or must he share with his co-surety?
Among co-sureties, "equality is equity." This is a well-settled principle, "If one surety, by any means, gets a fund belonging to the principal, he is not at liberty to take the entire benefit, but must share with his co-sureties; Barnes v. Pearson, 6 Ire. Eq. 482; Allison v.Davidson, 2 Dev. Eq. 79.
 PER CURIAM, Report confirmed, and decree for the amount reported. *Page 173